IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JAMES CARL CALLAHAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| | ) | CIV-15-1008-D |
| v. | ) | |
| | ) | |
| THOMAS J. SCARANTINO, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

REPORT AND RECOMMENDATION

Petitioner, a federal prisoner appearing *pro se*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B), and the Petition has been preliminarily reviewed pursuant to Rule 4, Rules Governing Section 2254 Cases in the United States District Courts.[1] For the following reasons, it is recommended that the Petition be denied.

Petitioner is a federal prisoner in the custody of the Bureau of Prisons ("BOP"), and he is currently confined at the Federal Correctional Institution in El Reno, Oklahoma ("FCI El Reno"). Respondent Scarantino is the Warden at FCI El Reno.

Petitioner asserts in his Petition that it concerns a "Compassionate Release/Reduction in Sentence, 5050.49 Elderly Inmate." Petition, at 1. As his only ground for habeas relief,

---

[1]Rule 4 is applied in the discretion of the undersigned to this 28 U.S.C. § 2241 habeas Petition. Rule 1(b), Rules Governing Section 2254 Cases in the United States District Courts.

1

Petitioner asserts that "Warden Thomas J. Scarantino's show of indifference to The Federal Bureau of Prison's Policy on May 12, 2015, subjected me to cruel and unusual punishment that caused me to suffer a heart attack on May 14, 2015, which has altered my life expectancy and violated my rights." Petition, at 4.

The Court conducts an initial review of habeas petitions. 28 U.S.C. § 2243. The petition must be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases in the United States District Courts (applicable to 28 U.S.C. § 2241 petitions under Rule 1(b)).

Interpreting the instant *pro se* Petition generously, as the Court is required to do, see Erickson v. Pardus, 551 U.S. 89, 94 (2007), Petitioner is asserting that Warden Scarantino's administrative decision refusing to seek an early release for Petitioner based on health reasons was erroneous and subjected him to cruel and unusual punishment.

Petitioner's cryptic reference to "5050.49" and to "Compassionate Release/Reduction in Sentence" is an obvious reference to the BOP's Program Statement ("PS") 5050.49, implementing 18 U.S.C. § 3582(c)(1)(a). Under 18 U.S.C. § 3582(c), "a court may not modify a term of imprisonment once it has been imposed except" in three limited circumstances. In the first such circumstance, "the court, *upon motion of the Director of the Bureau of Prisons*, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section

2

3553(a)" and if the court finds that "(i) extraordinary and compelling reasons warrant such a reduction; or (ii) the defendant is at least 70 years of age, has served at least 30 years in prison . . ., and a determination has been made by the Director of the [BOP] that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g)." 18 U.S.C. § 3582(c)(1)(A)(emphasis added).

Under BOP's regulations, a request for BOP to move for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) is first submitted by the prisoner to the Warden. 28 C.F.R. §571.61(a). If the Warden determines that the request warrants approval, the Warden refers the matter in writing with a recommendation to the Office of General Counsel, who then must determine whether the request warrants approval. 28 C.F.R. § 571.62(a)(1). If the General Counsel determines that the request warrants approval, the General Counsel forwards the request to the Director of BOP for final decision. 28 C.F.R. § 571.62(a)(2). "If the Director, Bureau of Prisons' grants a request under 18 U.S.C. § 3582(c)(1)(A), the Director will contact the U.S. Attorney in the district in which the inmate was sentenced regarding moving the sentencing court on behalf of the Director of the Bureau of Prisons to reduce the inmate's term of imprisonment to time served." 28 C.F.R. § 571.62(a)(3).

PS 5050.49, *Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18* U.S.C. § *3582(c)(1)(A) and 4205(g)*, is an internal policy statement adopted by BOP in connection with the discretionary decisionmaking required under 18 U.S.C. § 3582(c)(1)(A). https://www.bop.gov/PublicInfo/execute/policysearch/to=query# (last accessed September 30, 2015). In section 4(b) of PS 5050.49, the policy describes

3

certain factors to be used by BOP officials to determine whether to request an early release/ reduction in sentence for an elderly inmate with medical conditions.

Petitioner has not asserted, and the record does not show, that BOP has requested an early release/reduction in sentence based on his medical condition.[2] As best as it can be interpreted, Petitioner has alleged only that Respondent, in his capacity as the Warden of FCI El Reno, determined that Petitioner's request for BOP to seek an early release/reduction in sentence on his behalf should be denied.

In the absence of any showing that BOP has moved for a sentence reduction for Petitioner, this Court lacks jurisdiction to consider the merits of his claim that he is entitled to a sentence reduction. Therefore, Petitioner's habeas Petition should be denied. See United States v. Smartt, 129 F.3d 539, 541 (10th Cir. 1997)("Mr. Smartt is not eligible for a special circumstances reduction based on his medical condition. Section 3582(c)(1)(A), which arguably might encompass this claim, requires that a motion be brought by the Director of the Bureau of Prisons. This requirement was not met."); Share v. Krueger, 553 Fed. App'x. 207, 209 (3d Cir. 2014)(unpublished op.)("[W]ithout a motion from the BOP, the district courts have no authority to reduce a federal inmate's sentence based on special circumstances."); Engle v. United States, 26 Fed. App'x. 394, 397 (6th Cir. 2001)(unpublished op.)("[T]he district court lacked jurisdiction to sua sponte grant compassionate release. A district court may not modify a defendant's federal sentence based

---

[2] Petitioner has also not alleged that he was sentenced in this Court, and the Court's records do not indicate that this Court sentenced him.

4

on the defendant's ill health, except upon a motion from the Director of the Bureau of Prisons.")(citing 18 U.S.C. § 3582).

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 be DENIED. It is further recommended that Petitioner's Application for Leave to Proceed In Forma Pauperis (Doc. # 5) be DENIED as moot. The Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by       October 26th  , 2015, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this   5th    day of    October   , 2015.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE