# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES CARL CALLAHAN, | ) |
| Petitioner, | ) |
| v. | ) Case No. CIV-15-1008-D |
| THOMAS J. SCARANTINO, Warden, | ) |
| Respondent. | ) |

## **O R D E R**

Before the Court is Petitioner James Callahan's objection to the Magistrate Judge's Report and Recommendation ("R & R"), which suggested that his Petition for Writ of Habeas Corpus be denied. The matter is fully briefed and at issue.

Since Petitioner is a state inmate appearing pro se, the Court is required to construe his pleadings liberally; however, it does not "assume the role of advocate" and "should dismiss claims which are supported only by vague and conclusory allegations." *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992). Although some allowance is made for certain deficiencies, such as unfamiliarity with pleading requirements, failure to cite appropriate legal authority, and confusion of legal theories, *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005), "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Id*. Finally, the Court "will not

supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir.1997) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

On September 16, 2015, Petitioner filed a "Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241," stating the matter concerned "Compassionate Release/Reduction in Sentence, 5050.49 Elderly Inmate." Pet. at 1 [Doc. No. 1]. For the factual basis in support of his claim, Petitioner stated:

> Warden Thomas J. Scarantino's show of indifference to the Federal Bureau of Prison's Policy on May 12, 2015, subjected me to cruel and unusual punishment that caused me to suffer a heart attack on May 14, 2015, which has altered my life [expectancy] and violated my rights.

*Id*. at 4. The matter was referred to Magistrate Judge Gary Purcell for initial proceedings under 28 U.S.C. § 636(b)(1). Judge Purcell construed the petition as challenging the warden's administrative decision in refusing to seek an early release. R & R at 2. Judge Purcell noted Petitioner's reference to "5050.49" implicated the Bureau of Prison's (BOP) Program Statement 5050.49 governing compassionate release and/or reduction in sentence procedures. The magistrate noted the requirements for consideration of a sentence reduction were: (1) a written recommendation from the warden to the Office of General Counsel, (2) approval by

the Office of General Counsel, and (3) final decision from the BOP Director. The Magistrate Judge concluded that since Petitioner had neither asserted, nor did the record reflect, that the BOP Director had requested an early release/reduction in sentence based on Petitioner's medical condition, the court lacked jurisdiction to consider the merits of his claim. R &R at 4.

Petitioner's objection states he is not seeking a writ of habeas corpus, but he is instead challenging the warden's alleged mishandling of his completed Reduction in Sentence packet he completed at a previous facility:

> As it stands my application to this Honorable Court was filed not for a Petition for a Writ of Habeas Corpus but [i]nstead the application I filed was and is for CIVIL Action. This CIVIL ACTION is against FCI Warden Thomas J. Scarantino ... for the mishandling of my completed RIS Packet of which they received from FCI Sheridan's RIS Coordinator. El Reno did not upload the COMPLETED RIS Packet after my body arrived here – [i]nstead they conducted [their] own Compassionate Release review on me – doing so without a Written Request from me to initiate the Warden's review[,] [w]hich BOP Policy clearly states must be done. El Reno ignored this procedure ... [i]nstead they (El Reno) set out only to deny. Which produc[ed] the heart attack[.]

Petitioner's Obj. to R & R at 1-2 [Doc. No. 9]. In light of Petitioner's averments, the Court concludes it would be inappropriate to dismiss his Petition at this time. Rather, this matter is re-referred to the magistrate for further preliminary review and other proceedings consistent with the initial case referral order entered September 16, 2015 [Doc. No. 3].

**IT IS SO ORDERED** this 2nd day of May, 2016.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE