IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JAMES CARL CALLAHAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | No. CIV-15-1008-D |
| v. | ) | |
| | ) | |
| THOMAS SCARANTINO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

SUPPLEMENTAL REPORT AND RECOMMENDATION

Plaintiff, a federal prisoner appearing *pro se* and *in forma pauperis*, brings this civil rights action pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).[1] In his Amended Complaint filed May 31, 2016, Plaintiff names Mr. Scarantino, the former Warden of the Federal Correctional Institution at El Reno, Oklahoma ("FCI El Reno"), and Mr. Rogalsky, in his capacity as the Compassionate Release Coordinator at FCI El Reno, as Defendants.

In his Amended Complaint, Plaintiff does not seek monetary damages. Rather, Plaintiff requests that his "original completed RIS Packet be allowed to move forward, and be processed by the sentencing Court." Amended Complaint, at 4. Plaintiff alleges that "Warden Scarantino showed deliberate indifference to the Federal Bureau of Prisons policy Program Statement

---

[1]Plaintiff originally filed this action as a 28 U.S.C. § 2241 proceeding. He was subsequently allowed to file an amended complaint to assert his action on the proper form for a civil action under Bivens.

1

5050.49, on May 12, 2015 [which] subjected me to CRUEL and UNUSUAL PUNISHMENT; that caused me to suffer a heart attack on May 14, 2015." Amended Complaint, at 4. Plaintiff further alleges that his Eighth Amendment rights were violated when Defendants "mishandl[ed] his completed RIS Packet . . . received from FCI Sheridan's RIS Coordinator," conducted an independent Compassionate Release Review concerning Plaintiff, and denied his request for a Compassionate Release "without a Written Request from me to initiate the Warden's review, which BOP Policy clearly states must be done."

Defendants Scarantino and Rogalsky have moved to dismiss Plaintiff's claims against them pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff has responded to Defendants' Motion to Dismiss. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). For the following reasons, it is recommended that Defendants' Motion be granted.

I. Background

Plaintiff is a federal prisoner currently confined at FCI El Reno. Plaintiff was previously confined at the Federal Correctional Institution at Sheridan, Oregon ("FCI Sheridan"). While he was confined at FCI Sheridan, Plaintiff submitted a request for a Compassionate Release or Reduction in Sentence ("RIS"). While the request was being processed at FCI Sheridan, Plaintiff was transferred to FCI El Reno. Plaintiff was notified by FCI Sheridan Warden Feather in a response dated June 11, 2015, that the RIS Coordinator at FCI Sheridan could not continue to process the request and his "completed packet" was transferred to the RIS Coordinator at FCI El Reno on April 24, 2015. Objection to Report and Recommendation, Ex. A.

2

On May 2, 2015, Plaintiff was notified in a memorandum from FCI El Reno Warden Scarantino that his request for Compassionate Release/RIS had been reviewed pursuant to 18 U.S.C. § 3582(c)(1)(A) and the request was "denied because the nature of your crime included violence and despite your age you remain physically capable of reoffending and placing the community at significant risk. You currently have a detainer with the State of Louisiana, Department of Public Safety and Corrections, Caddo Parrish, for Parole Violation Armed Robbery warrant." Id., Ex. D. Plaintiff was further advised in the memorandum that if he was dissatisfied with the response he could appeal the response pursuant to Program Statement 1330.17, Administrative Remedy Program, within 20 calendar days of the date of the response.

Plaintiff submitted an Informal Resolution Form in which he complained that "[t]he only request I've ever made for Compassionate Release/RIS was made while in Sheridan FCI. I only verbally asked here at El Reno my case manager, unit manager, and Warden Scarantino to check on the whereabouts of my RIS packet which was prepared at Sheridan FCI and its status." Response regarding Order (Doc. # 13), Ex. B.

II. Standard of Review

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's . . . complaint alone is legally sufficient to state a claim for which relief may be granted." Miller v. Glanz, 948 F.2d 1562, 1565 (10th Cir. 1991). To survive a Rule 12(b)(6) motion, the plaintiff must allege sufficient facts to make his or her "claim for relief . . . plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007). While "[t]echnical fact pleading is not required . . . the

3

complaint must still provide enough factual allegations for a court to infer potential victory." Bryson v. Gonzales, 534 F.3d 1282, 1286 (10th Cir. 2008). If the allegations "are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" Robbins v. Oklahoma ex rel. Dep't of Human Servs., 519 F.3d 1242, 1247 (10th Cir. 2008)(quoting Twombly, 550 U.S. at 570). Under this standard, the plaintiff's well-pleaded factual allegations are accepted as true and viewed in the light most favorable to the nonmoving party. Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007).

The allegations in Plaintiff's Complaint must therefore "be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief [against Defendants]." Robbins, 519 F.3d at 1247.

III. Analysis

Construing Plaintiff's Amended Complaint generously as the Court is required to do, see Haines v. Kerner, 404 U.S. 519 (1972), Plaintiff has alleged that Defendant Scarantino violated a policy of the United States Bureau of Prisons ("BOP") governing review of requests for a compassionate release. Plaintiff also alleges that Defendants' actions in denying his request for compassionate release or a reduction in sentence caused him to suffer a heart attack, in violation of his Eighth Amendment rights.

Under 18 U.S.C. § 3582(c), "a court may not modify a term of imprisonment once it has been imposed except" in three limited circumstances. In the first such circumstance, "the court, *upon motion of the Director of the Bureau of Prisons*, may reduce the term of imprisonment (and

4

may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a)" and if the court finds that "(I) extraordinary and compelling reasons warrant such a reduction; or (ii) the defendant is at least 70 years of age, has served at least 30 years in prison . . ., and a determination has been made by the Director of the [BOP] that the defendant is not a danger to the safety of any other person or the community as provided under section 3142(g)." 18 U.S.C. § 3582(c)(1)(A)(emphasis added).

Under BOP's regulations, a request for BOP to move for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) is first submitted by the prisoner to the Warden of the institution where the inmate is confined. 28 C.F.R. § 571.61(a). If the Warden determines that the request warrants approval, the Warden refers the matter in writing with a recommendation to the Office of General Counsel, who then must determine whether the request warrants approval. 28 C.F.R. § 571.62(a)(1). If the General Counsel determines that the request warrants approval, the General Counsel forwards the request to the Director of BOP for final decision. 28 C.F.R. §571.62(a)(20. "If the Director, Bureau of Prisons grants a request under 18 U.S.C. §3582(c)(1)(A), the Director will contact the U.S. Attorney in the district in which the inmate was sentenced regarding moving the sentencing court on behalf of the Director of the Bureau of Prisons to reduce the inmate's term of imprisonment to time served." 28 C.F.R. §571.62(a)(3).

BOP has adopted a Program Statement ("PS") 5050.49, implementing 18 U.S.C. §3582(c)(1)(A). PS 5050.49, *Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. § 3582(c)(1)(A) and 4205(g)*, effective March 25, 2015, is an

internal BOP policy statement adopted in connection with the discretionary decisionmaking required under 18 U.S.C. § 3582(c)(1)(A) and provides guidance for wardens in making these discretionary decisions. https://www.bop/gov/policy/progstat/5050_049_CN-1.pdf. The policy describes certain factors to be considered by BOP officials in determining whether to request an early release/ reduction in sentence for certain inmates, including an elderly inmate with medical conditions.

Plaintiff argues that he did not submit a request for a compassionate release/reduction in sentence directly to Warden Scarantino, and therefore Warden Scarantino violated BOP policy by ignoring Plaintiff's "completed Sheridan RIS Packet" and undertaking an independent review of Plaintiff's compassionate release/reduction in sentence request. Even if Plaintiff's argument had merit, a prison official's violation of institutional policy does not automatically amount to a constitutional deprivation. See Hostetler v. Green, 323 Fed. App'x 653, 658 (10th Cir. 2009)(unpublished op.).

Plaintiff has no constitutionally-protected right to be released prior to the expiration of his sentence. See Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7 (1979)("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."); Fristoe v. Thompson, 144 F.3d 627, 630 (10th Cir. 1998)("The Constitution does not itself afford appellant a liberty interest in a reduced sentence."). Plaintiff has not alleged a legitimate claim of entitlement to early release. Thus, he has no claim for violation of procedural or substantive due process based on the allegation that Defendant Scarantino and/or Defendant Rogalsky did not follow BOP's internal policies

regarding review of a request for compassionate release/reduction in sentence.

To the extent Plaintiff alleges an Eighth Amendment violation based on deliberate indifference to his medical or safety needs, his conclusory assertions are wholly unsupported by any evidence. In order to state an arguable Eighth Amendment claim against Defendants, Plaintiff must allege specific facts that demonstrate deliberate indifference to a substantial risk of serious harm or deliberate indifference to his serious medical needs. See Farmer v. Brennan, 511 U.S. 825 (1994); Estelle v. Gamble, 429 U.S. 97, 104-06 (1976). Plaintiff has not identified either a sufficiently serious medical need[2] or that either Defendant knew that Plaintiff faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it. Neither of the Defendants was responsible for Plaintiff's medical treatment. Plaintiff merely concludes that Defendants are liable to him because after Warden Scarantino denied his request for compassionate release/RIS he suffered a heart attack. Plaintiff has not stated a plausible Eighth Amendment claim against Defendants, and his Eighth Amendment claims against Defendants should be dismissed.

RECOMMENDATION

Based on the foregoing findings, it is recommended that Defendants' Motion to Dismiss (Doc. # 36) be GRANTED and Plaintiff's cause of action be DISMISSED without prejudice for

---

[2]Plaintiff alleges in his responsive pleading that Defendants were aware he had suffered a prior heart attack in 2004 and that he took unidentified medication for a heart condition. He alleges that "with my meds [sic] I had remained stable for years." Plaintiff's Response, AT 4. These allegations do not establish a plausible claim of a serious medical need.

7

failure to state a claim upon which relief may be granted. The parties are advised of their respective right to file an objection to this Supplemental Report and Recommendation with the Clerk of this Court by     December 20th, 2016, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Supplemental Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Supplemental Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this   30th   day of         November   , 2016.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE