# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| JAMES CARL CALLAHAN, | ) |  |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. CIV-15-1008-D |
| THOMAS SCARANTINO, et al., | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff, a federal prisoner appearing pro se, brought the present *Bivens*[1] action against the former Warden of the Federal Correctional Institution at El Reno, Oklahoma (FCI El Reno) and the Compassionate Release Coordinator at the facility. In sum, Plaintiff contended his constitutional rights were violated when Defendants purportedly mishandled his application for a reduction in sentence, arbitrarily denied his request for a compassionate release, and were deliberately indifferent to his medical needs. Pursuant to Fed. R. Civ. P. 12(b)(6), Defendants moved to dismiss Plaintiff's claims against them for failure to state a claim upon which relief could be granted. Plaintiff filed his response in opposition and the

---

[1] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). "An action arising under *Bivens* ... provides a means by which a prisoner may challenge the conditions of his or her confinement." *Powell v. Fleming*, 27 F. App'x 970, 973 (10th Cir. 2001) (unpublished) (citing *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811-12 (10th Cir. 1997)).

matter was referred to Magistrate Judge Gary Purcell for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B).

On November 30, 2016, Judge Purcell filed his Supplemental Report and Recommendation (R&R) in which he recommended that Defendants' motion be granted. Liberally construing Plaintiff's Complaint, Judge Purcell found that it failed to plausibly allege a constitutional deprivation. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (evaluating pro se prisoner complaint under plausibility standard announced in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). Judge Purcell noted that Plaintiff had no constitutionally-protected right to early release, R&R at 6, and that his allegations of deliberate indifference were wholly unsupported. *Id*. at 7.

In his Report and Recommendation, Judge Purcell advised the parties of the right to file objections to the same and directed the parties to file any objections no later than December 20, 2016. *Id*. at 8. Judge Purcell further admonished the parties that failure to timely object would constitute a waiver of the right to appellate review of the factual and legal issues addressed in the Report and Recommendation. *Id*. The deadline for filing objections has expired and to date, neither party has filed objections or sought an extension of time in which to do so. Accordingly, the Supplemental Report and Recommendation [Doc. No. 39] is **ADOPTED** as though fully set forth herein.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss [Doc. No. 36] is **GRANTED** and Plaintiff's Complaint is hereby **DISMISSED** without prejudice to refiling. A judgment shall be issued forthwith.

**IT IS SO ORDERED** this 27th day of December, 2016.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE